IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

JONATHAN LINDER,

    Plaintiff,

v.

CITY OF EMERYVILLE, et al.,

    Defendants.

No. C-13-1934 EDL

**ORDER GRANTING IN PART WITH LEAVE TO AMEND AND DENYING IN PART DEFENDANTS' MOTION TO DISMISS**

On June 4, 2013, Defendants City of Emeryville, Emeryville Police Department, Officer Cassianos, Officer Thompson, Officer Shepherd and Police Chief Ken James, filed a motion to dismiss Plaintiff's complaint, which alleged violations of 42 U.S.C. § 1983, the Racketeer Influence and Corrupt Organization Act, 18 U.S.C. §§ 1961-68, and various state laws. Plaintiff failed to timely file an opposition, but on July 15, 2013, he filed a Request to Amend the Complaint and a Request for Permission to E-File, in which Plaintiff stated generally that he opposed Defendants' motion to dismiss. On July 23, 2013, the Court denied Plaintiff's request to amend the complaint, stating that the Court would consider whether to allow amendment of the complaint in the context of Defendants' motion to dismiss. On August 1, 2013, the Court granted Plaintiff's motion for permission to E-File.

Because the Court determined that oral argument was not necessary to resolve the motion, the Court vacated the July 19, 2013 hearing. For the reasons stated in this Order, Defendants' motion to dismiss is granted in part with leave to amend and denied in part.

**ALLEGATIONS**

Plaintiff makes the following allegations. On August 27, 2012, at 11:30 p.m., Plaintiff, Plaintiff's wife and three neighbors were standing around the fire pit at the Emeryville Marina.

Compl. at 6. Emeryville Police Officer Andrew Cassianos approached the group and told them to extinguish the fire and to board their boats. Id. Three members of the group around the fire pit left immediately. Id. Plaintiff, his wife, and a disabled man in a wheelchair remained to gather their belongings. Id. As Plaintiff packed his backpack and helped his wife and his friend gather their property, Officer Cassianos ordered them to board their boats immediately. Id. Plaintiff questioned Officer Cassianos as to the rules regarding the fire pit and as to the Officer's jurisdiction on the Marina property. Id. Officer Cassianos responded that the property behind the main gate belonged to the City of Emeryville and that members were not allowed off the docks after 9:00 p.m., and that fires required a permit. Id. Officer Cassianos threatened to issue citations if Plaintiff's group did not leave immediately. Id. at 6-7.

Plaintiff began to walk away from the fire pit, and Officer Cassianos immediately ran from the street-side stairway while calling for back-up assistance to intercept Plaintiff leaving the fire pit. Compl. at 7. Officer Cassianos blocked Plaintiff's path with his arm outstretched and asked for Plaintiff's name. Id. Plaintiff asked Officer Cassianos if Plaintiff was being detained, and Officer Cassianos said that he was not. Id. Plaintiff and Officer Cassianos discussed whether Plaintiff had to show his identification to Officer Cassianos and whether Officer Cassianos had jurisdiction on the Marina. Id. This conversation was recorded on a friend's answering machine (but was automatically deleted) and also on Officer Cassianos' body camera. Id.

Officer Cassianos then began physically attacking Plaintiff. Compl. at 7-8. Officer Cassianos snatched Plaintiff's phone and keys, knocked off his glasses, and punched Plaintiff in the chest. Compl. at 8. Then, backup from the Emeryville Police Department arrived and did not break up the violence despite pleas from Plaintiff's wife and friend. Id. Officer Cassianos then fired his taser gun at Plaintiff from behind at virtually point blank range, and Plaintiff felt an additional four or five taser gun shots. Id. During this incident, Plaintiff saw an Officer's badgecam and, mistaking it for his own property, tossed it towards his wife. Id.

After being tasered, Plaintiff knelt on the ground in pain when an officer leapt onto his back, applied a choke hold, and handcuffed Plaintiff. Compl. at 9. Then, an officer smashed his right temple with the butt of a gun and Officer Cassianos sat on Plaintiff's back in a hogtie position,

2

twisting Plaintiff's ankle and almost breaking the bone. Id.

Plaintiff was taken to the hospital where he sat for 6.5 hours while he waited for an ankle cast. Compl. at 9. Afterwards, he was transported to the Emeryville Police Department where Officer Cassiano read the charges against him. Id. at 9-10. Plaintiff spent over four days processing through various jails until he was released after all charges had been dropped. Compl. at 3, 10.

After the incident, Plaintiff was told by the harbor master and the former harbor master that the Marina property, including the fire pit, was under the auspices of the harbor master. Compl. at 10. Furthermore, Plaintiff was given explicit permission to use the community fire pit and was given the key earlier that day. Id. at 2.

**STANDARD OF REVIEW**

A complaint will survive a motion to dismiss if it contains "sufficient factual matter . . . to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (citing Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955, 1974 (2007)). The reviewing court's "inquiry is limited to the allegations in the complaint, which are accepted as true and construed in the light most favorable to the plaintiff." Lazy Y Ranch LTD v. Behrens, 546 F.3d 580, 588 (9th Cir. 2008).

A court need not, however, accept as true the complaint's "legal conclusions." Iqbal, 129 S. Ct. at 1949. "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." Id. at 1950. Thus, a reviewing court may begin "by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." Id.

Courts must then determine whether the factual allegations in the complaint "plausibly give rise to an entitlement of relief." Id. Though the plausibility inquiry "is not akin to a probability requirement," a complaint will not survive a motion to dismiss if its factual allegations "do not permit the court to infer more than the mere possibility of misconduct . . . ." Id. at 1949 (internal quotation marks omitted) & 1950. That is to say, plaintiffs must "nudge[] their claims across the line from conceivable to plausible." Twombly, 550 U.S. at 570.

## DISCUSSION

### I. Plaintiff may amend his complaint to include the City of Emeryville, Emeryville Police Department, and Chief James in the "parties" section of the complaint.

Defendants argue that The City of Emeryville, Emeryville Police Department and Chief James are not parties to this litigation despite being named in the caption because they were not named in the "parties" section of the complaint. However, pro se litigant's pleadings are to be construed liberally. Ramirez v. Galaza, 334 F.3d 850, 854 (9th Cir. 2003); cf. Rice v. Hamilton Air Force Base Comissionary, 720 F.2d 1082, 1085 (9th Cir. 1983) (stating that a party does not need to be named in the caption of a complaint in order to be part of the litigation if it is clear from the allegations in the complaint that the plaintiff intended the party be a defendant in the litigation).

Here, all Defendants were specifically named in the caption, and the complaint contains claims against each of them even though some Defendants are not named in the "parties" section of the complaint. Therefore, construing Plaintiff's complaint liberally, the Court concludes that Plaintiff intended all of the named defendants to be parties in this litigation. Defendant's motion to dismiss on this basis is denied. However, because the Court grants Plaintiff leave to amend some claims as described below, Plaintiff may also amend his complaint to remedy this issue.

### II. The Emeryville Police Department is an independent entity and is not dismissed.

Defendants argue that the Emeryville Police Department should be dismissed because it is not an independent entity from the City of Emeryville, which is also a Defendant. "[T]he Police Department's capacity to be sued in federal court is to be determined by the law of California." Shaw v. Cal. Dep't of Alcoholic Beverage Control, 788 F.2d 600, 604 (9th Cir. 1986) (citing Fed. R. Civ. P. 17(b)). The Shaw Court determined that, under California law, police departments were public entities that could be separately sued. Id. at 604; see also Karim-Panahi v. Los Angeles Police Department, 839 F.2d 621, 624 n. 2 (9th Cir. 1988) ("Municipal police departments are 'public entities' under California law and, hence, can be sued in federal court for alleged civil rights violations."); cf. Streit v. County of Los Angeles, 236 F.3d 552, 565 (9th Cir. 2001) (holding that the county sheriff's department was separately suable). Thus, under Shaw, the police department is a separate entity that is subject to suit, although claims against it are duplicative of claims against the

city.

The cases cited by Defendant to the contrary are inapposite. See Carroll v. City of Hercules, 2012 WL 1122019 at *2 (N.D. Cal. Apr. 3, 2012) (stating that because police departments are agents of the city, a § 1983 claim against a police department is "essentially duplicative of the claim against the City," but not deciding whether the police department in that case was an independent entity); Porto v. City of Newport Beach, 2011 WL 2470128 (C.D. Cal. May 20, 2011) (stating that intragovernmental associations, not the suable components of that association such as police departments, are not separate legal entities).

**III. The City and Emeryville Police Department are not entitled to dismissal of common law claims.**

Defendants argue that Plaintiff's fourth, fifth, sixth, and eighth claims, based on common law, should be dismissed pursuant to California Government Code section 815 which states: "[e]xcept as otherwise provided by statute . . . a public entity is not liable for an injury, whether such injury arises out of an act or omission of the public entity or a public employee or any other person." Cal. Gov't Code § 815 (West 1995); In re Groundwater Cases, 154 Cal. App. 4th 659, 688 (2007). However, even if an entity might not be liable under the Government Code section 815, it may be liable under the doctrine of respondeat superior. See Lloyd v. County of Los Angeles, 172 Cal. App. 4th 320, 330 (2009) ("We recognize that notwithstanding the elimination of common law tort liability for public entities, they remain liable under the doctrine of respondeat superior for the actions of their employees. Irrespective of Government Code section 815's elimination of common law tort liability for public entities, a public employee generally is liable for an injury caused by his or her act or omission to the same extent as a private person, and 'when the act or omission of the public employee occurs in the scope of employment the public entity will be vicariously liable for the injury.'")

Here, Defendants do not cite any authority to support the dismissal of these tort claims pursuant to section 815. Further, even if Government Code section 815 applied, the City and Emeryville Police Department could be liable for the actions of their employees through the doctrine of respondeat superior. Therefore, Defendants' motion to dismiss the common law claims against the

City and Emeryville Police Department is denied.

**IV. Defendant's motion to dismiss Plaintiff's ninth, tenth, and eleventh claims against all defendants is granted without leave to amend.**

Plaintiff alleges violations of 18 U.S.C. § 241, 18 U.S.C. § 242, and 18 U.S.C. § 1028, which are criminal statutes. Courts have held that violations under these criminal statutes do not give rise to civil liability. See Allen v. Gold Country Casino, 464 F.3d 1044, 1048 (9th Cir. 2006) (holding that 18 U.S.C. § 241 and 18 U.S.C. § 242 do not provide a private right of action), Lassetter v. Brand, C11-0482-JCC, 2011 WL 4712188, *2 (W.D. Wash. Oct. 4, 2011) (holding that 18 U.S.C. § 241, 18 U.S.C. § 242, and 18 U.S.C. § 1028 do not give rise to civil liability). Thus, Defendants' motion to dismiss Plaintiff's claims for violations of criminal statutes is granted without leave to amend.

**V. Defendants' motion to dismiss Plaintiff's second, third, and seventh § 1983 claims against Police Chief James is denied.**

Individual defendants acting under color of law, municipalities, and other local government units can be held liable under § 1983. Monell v. Dept. of Social Services, 436 U.S. 658, 660, 662 (1978); see also Larez v. City of Los Angeles, 946 F.2d 630, 646 (holding that a police chief may be liable in an individual or official capacity under § 1983). Therefore, Plaintiff's § 1983 claims against Chief James are proper and Defendants' motion to dismiss on this basis is denied. However, because Plaintiff did not allege whether Chief James acted in his individual or official capacity, the Court grants Plaintiff leave to amend his complaint to clarify this issue.

**VI. Defendants' motion to dismiss Plaintiff's first claim for excessive force is granted with leave to amend.**

Defendants argue that the first claim for excessive force against Officers Thompson and Shepherd should be dismissed because the complaint does not allege that these officers participated in the alleged constitutional violation. Under § 1983, an officer's liability is dependent on his "integral participation in the alleged violation." Blankenhorn v. City of Orange, 485 F.3d 463, 481, n. 12 (9th Cir. 2007) (citations omitted). Such participation requires "some fundamental involvement in the conduct that allegedly causes the violation." Id. There are no allegations in the

6

complaint regarding any conduct by or any use of force by Officer Thompson or Officer Shepherd. Thus Defendants' motion to dismiss the excessive force claim against Officers Thompson and Shepherd is granted with leave to amend, but only if Plaintiff can amend in good faith.

**VII. Defendants' motion to dismiss Plaintiff's fourth claim for battery against Officer Thompson, Officer Shepherd, and Chief James is granted with leave to amend.**

A battery is an intentional and offensive touching of a person who has not consented to the touching. Rains v. Superior Court, 150 Cal. App. 3d 933, 938 (1984). In addition, unreasonable force is an essential element of a battery action against a police officer. Edson v. City of Anaheim, 63 Cal. App. 4th 1269, 1272 (1998). Here, although Plaintiff generally states all of the elements for battery in the complaint, there are no allegations that Officer Thompson, Officer Shepherd and Chief James engaged in battery. Therefore, Defendants' motion to dismiss is granted with leave to amend, but only if Plaintiff can amend in good faith.

**VIII. Defendants' motion to dismiss Plaintiff's fifth claim for negligence against Officer Thompson, Officer Shepherd and Chief James is granted with leave to amend.**

The elements for negligence include: (1) that Defendant had a duty to Plaintiff; (2) that Defendant breach that duty; (3) that Plaintiff suffered damages; and (4) that Defendant's breach of duty caused the damages. Conroy v. Regents of University of Cal., 45 Cal. 4th 1244, 1250 (2009). Here, there are no allegations that Officer Thompson, Officer Shepherd or Chief James were negligent. Therefore, Defendants' motion to dismiss is granted with leave to amend, but only if Plaintiff can amend in good faith.

**IX. Defendants' motion to dismiss Plaintiff's sixth claim for malicious prosecution is granted without leave to amend.**

California Government Code section 821.6 states, "[a] public employee is not liable for injury caused by his instituting or prosecuting any judicial or administrative proceeding within the scope of his employment, even if he acts maliciously and without probable cause." Cal. Gov't Code § 821.6 (West). Section 821.6 is not limited to conduct during formal proceedings, but also provides immunity for conduct during an investigation because investigation is an "essential step" towards the formal proceeding. Amylou R. v. County of Riverside, 28 Cal. App. 4th 1205, 1209-10 (1994).

Moreover, section 815.2(b) provides that a public entity is not liable for the acts or omissions of an employee if that employee is immune from liability. Cal. Gov't Code § 815.2 (West).

The allegations in the complaint demonstrate that this claim is barred by California Government Code section 821.6 and 815.2. Defendants have immunity for actions within the scope of their employment as police officers, so even though Plaintiff alleges that they acted without probable cause, they are immune from liability for malicious prosecution. Defendants' motion to dismiss this claim on this ground is granted without leave to amend.

### X. Defendants' motion to dismiss Plaintiff's sixth claim for false arrest is denied.

Although Plaintiff claims both false arrest and false imprisonment, they are not separate torts and "false arrest is but one way of committing a false imprisonment." Collins v. City and County of San Francisco, 50 Cal. App. 3d 671, 673 (1975). Plaintiff may claim false arrest if there is an allegation that the arrest was without process, imprisonment occurred and there were damages. Garcia v. City of Merced, 637 F. Supp. 2d 731, 752 (2008). Under California law, "an officer has probable cause for a warrantless arrest 'if the facts known to him would lead a [person] of ordinary care and prudence to believe and conscientiously entertain an honest and strong suspicion that the person is guilty of a crime.'" Peng v. Hu, 335 F.3d 970, 976 (9th Cir. 2003) (quoting People v. Adams, 175 Cal.App.3d 855 (1985)).

Plaintiff alleges that the officers were outside of their jurisdiction because the dock was leased to the Marina and under the control of the harbor master, who had given Plaintiff permission to remain in the dock. Therefore, Plaintiff alleges that there was no probable cause to arrest him. Furthermore, he alleges that he was imprisoned for four days, and that he suffered damages, including emotional distress. Although Defendants disagree with these allegations, for the purposes of a motion to dismiss, the Court must accept the allegations in the complaint as true. Therefore, Plaintiff sufficiently pled false arrest. Defendants' motion to dismiss this claim is denied.

### XI. Defendants' motion to dismiss Plaintiff's eighth claim for Assault against Officer Thompson, Officer Shepherd and Chief James is granted with leave to amend.

The elements for assault include that: (1) Defendant acted, intending to cause harm or offensive contact; and (2) Plaintiff reasonably believed that he was about to be touched in a harmful or

offensive manner; (3) Plaintiff did not consent; (4) Plaintiff was harmed; and (5) Defendant's conduct was a substantial factor in causing Plaintiff's harm. Yun Hee So v. Sook Ja Shin, 212 Cal. App. 4th 652, 668 (2013). Again, Plaintiff fails to allege facts against Officer Thompson, Officer Shepherd and Chief James to state a claim for assault. Therefore, Defendants' motion to dismiss this claim is granted with leave to amend, but only if Plaintiff can amend in good faith.

### XII. Defendants' motion to dismiss Plaintiff's second, third, and seventh claims for municipal liability based on 42 U.S.C. § 1983 is granted with leave to amend.

Plaintiff's second, third, and seventh claims allege municipal liability pursuant to Monell v. Dept. of Social Services, 436 U.S. 658 (1978). However, Plaintiff fails to allege facts relating to his claims. For example, in his second claim, Plaintiff alleges that there was inadequate training and deliberate indifference, but does not state any facts to support this. Similarly, in his third claim, Plaintiff alleges that the incident was not thoroughly investigated, those responsible were not punished, and procedures and policies were not modified, but fails to allege facts to support these conclusions. Lastly, in his seventh claim, Plaintiff fails to allege any facts to support his conclusion that there was a custom to inadequately and improperly investigate citizen complaints, and supervise and train police officers to discourage further constitutional violations. Thus, Defendant's motion to dismiss this claim against the City of Emeryville, Emeryville Police Department, and Police Chief James is granted with leave to amend, but only if Plaintiff can amend in good faith.

### XIII. Defendant's motion to dismiss Plaintiff's twelfth claim based on RICO is granted without leave to amend.

The elements for liability under the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. §§ 1961-68, are: (1) conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity (5) causing injury to the plaintiff's business or property. Grimmett v. Brown, 75 F.3d 506, 510 (9th Cir. 1996). Furthermore, the conduct of a RICO enterprise must affect interstate or foreign commerce. 18 U.S.C. § 1962(c).

Government entities cannot be held liable for RICO because they are incapable of forming the malicious intent required in a RICO action, Pedrina v. Chun, 97 F.3d 1296, 1300 (9th Cir. 1996), so Plaintiff's RICO claim against the City of Emeryville and the Emeryville Police Department is

9

dismissed. Plaintiff's RICO claim against the Police Officer Defendants is dismissed because Plaintiff fails to allege facts to support his claim, and fails to attribute any conduct to Officer Thompson, Officer Shepherd and Chief James. In addition, Plaintiff has failed to alleged that racketeering activities affected interstate or foreign commerce. Therefore, Defendants' motion to dismiss this claim is granted without leave to amend.

**CONCLUSION**

Accordingly, Defendants' motion to dismiss is granted in part with leave to amend, granted in part without leave to amend, and denied in part. Plaintiff's amended complaint shall be filed no later than August 19, 2013. A case management conference is scheduled for September 17, 2013 at 3:00 p.m. The parties shall file separate case management conference statements no later than September 10, 2013.

**IT IS SO ORDERED.**

Dated: August 6, 2013

ELIZABETH D. LAPORTE
United States Magistrate Judge

10